PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Beales and McCullough
Argued at Alexandria, Virginia

ALEXY J. ABDO, A/K/A
  ALEXI J. ABDO

v.      Record No. 0965-14-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE STEPHEN R. McCULLOUGH
MARCH 24, 2015

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Herman A. Whisenant, Jr., Judge Designate

L. Steven Emmert (Sykes, Bourdon, Ahern & Levy, P.C., on briefs),
for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Alexy J. Abdo appeals from a conviction of criminal contempt.  He argues that (1) the

evidence does not establish that he possessed the requisite intent for conviction; (2) the circuit court

erroneously refused to apply Singleton v. Commonwealth, 278 Va. 542, 685 S.E.2d 668 (2009), to a

police officer; and (3) the circuit court erred in considering prior unadjudicated acts.  We find no

error and affirm the decision of the circuit court.

BACKGROUND

Appellant is a police officer for the Town of Remington, in Fauquier County.  On

November 22, 2013, he had scheduled several cases on the town traffic docket.  He was not present

in the courthouse when the cases were called.  The general district court granted the

Commonwealth's motion for a *nolle prosequi*.  Appellant arrived nine minutes late, after the court

had granted the "nol pros."  The court issued a show cause order for appellant to explain why he

should not be held in contempt.

At the contempt hearing, appellant apologized for his tardiness and "tendered a reason for his non-appearance," which the court found unsatisfactory. The court noted that appellant had "on several occasions, failed to appear or appeared late" and that "[t]his ha[d] routinely resulted in the *nolle prosequi* of his cases." In its written order, the general district court recounted three prior instances of tardiness. On the first such occasion, appellant tendered a handwritten apology, in which he stated that he had "overslept and have no other excuse. It will not happen again." Another time, appellant explained that his vehicle had broken down. In a later instance of tardiness, he stated that "his wife had taken his car, which had his copies of the summonses he wrote for court that day." The general district court observed that, "[o]n none of these occasions, either the ones for which he offered an excuse or the others for which no excuse was offered, did the court issue any contempt process against Officer Abdo after receiving an apology and further assurances of timely attendance to his court obligations." The court concluded that "[t]his recurring misbehavior by a law enforcement officer cannot be ignored by the court, lest it send a message that such conduct will be countenanced."

Based on the evidence and the testimony presented at the hearing, the general district court found appellant in contempt and imposed a $25 fine, which the court suspended upon twelve months of good behavior. The general district court prepared a certificate of conviction based on Code § 18.2-459 memorializing the court's rationale for finding appellant in contempt.

Appellant appealed this decision to circuit court. In addition to the certificate, the circuit court received stipulated evidence that, on November 22, 2013, appellant called another police officer, Officer Bryan Reese, and asked him to inform the court that appellant would be running a few minutes late. Officer Reese testified that, at 9:00 a.m., he informed the general district court judge that appellant was running late. Appellant also testified and explained that his tardiness was inadvertent and that he had no intent to delay, obstruct, or harass the proceedings of the general

district court. He stated that he was late because "his wife had taken the vehicle that contained his paperwork for the cases on that morning's docket."

The circuit court found appellant guilty of contempt and imposed a $25 fine, which the court suspended. The court observed that, "if this were the first time the defendant had been late to court, its ruling would be different; but because of the previous instances set out in the Certificate of Conviction, it found the defendant guilty as charged." Appellant moved to set aside this order or stay the sentence's execution. The circuit court denied that motion. This appeal followed.

ANALYSIS

I. INSTANCES OF APPELLANT'S PAST TARDINESS WERE RELEVANT AND ADMISSIBLE.

At the outset, we examine whether the circuit court properly admitted evidence of appellant's previous instances of tardiness.[1] Appellant argues that the court cannot consider such "prior unadjudicated acts," which were "used for the impermissible purpose of suggesting criminal propensity."

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). As a general proposition, evidence of prior crimes or bad acts is inadmissible to prove that the accused committed the crime charged. See Wilson v. Commonwealth, 16 Va. App. 213, 220, 429 S.E.2d 229, 233 (1993). This general rule, however, "'must sometimes yield to society's interest in the truth-finding process,' and numerous exceptions allow evidence of prior misconduct 'whenever the legitimate probative value

_____

[1] The Commonwealth argues that appellant has procedurally defaulted this issue under Rule 5A:18. Our jurisprudence requires us to seek "the best and narrowest ground available" for our decision. Armstead v. Commonwealth, 56 Va. App. 569, 576, 695 S.E.2d 561, 564 (2010). In this case, resolution of the merits constitutes the best and narrowest ground. Accordingly, we decline to decide whether Rule 5A:18 precludes a litigant from raising on appeal a challenge to the admission of evidence by post-trial motion, in the context of a bench trial, when the Commonwealth does not object to the belated nature of the motion to exclude the evidence.

- 3 -

outweighs the incidental prejudice to the accused.'" Wilkins v. Commonwealth, 18 Va. App. 293, 297, 443 S.E.2d 440, 443 (1994) (quoting Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)).  Such evidence may be admitted if offered "to prove any number of relevant facts, such as motive, intent, agency, or knowledge."  Wilson, 16 Va. App. at 220, 429 S.E.2d at 234.

Evidence of appellant's past tardiness was relevant on several grounds.  First, it was relevant to establish his knowledge that being late would disrupt the court's docket.  As the general district court noted, when appellant had been late in the past, his cases had to be *nolle prosequied* from the court's docket.  Second, repeated affronts to the court's dignity are relevant in establishing intent.  Prior warnings constitute evidence of willfulness when they go unheeded. For example, in In re Marshall, 549 A.2d 311, 313 (D.C. 1988) (per curiam), the appellant argued that the trial judge could not consider the prior occasions on which the defendant, an attorney, had been absent or late.  The court held that the prior incidents were relevant to the critical issue of the attorney's willfulness in failing to appear in the instant case and, therefore, the trial court properly considered them as evidence of his contumacious intent.  Id.  Similarly, in Thompson v. United States, 690 A.2d 479, 482 (D.C. 1997) (quoting Williams v. United States, 576 A.2d 1339, 1342 (D.C. 1990)), the court observed that, "'[i]n order to hold a defendant in [criminal] contempt for appearing late, a court must find that the defendant behaved with willful, deliberate, or reckless disregard of the obligation to appear on time.'"  The court explained,

> A wrongful intent is a state of mind, and in most cases it cannot be proved directly.  Our case law makes it clear, however, that willfulness will not readily be inferred from isolated instances of late arrival.  Where the defendant is a repeat offender, on the other hand, a finding that his conduct was willful has been sustained.

Id. at 483.

We do not hold that any instance of past misbehavior is relevant in contempt cases.  Here, however, the behavior in question, being late for a court proceeding, was the very same misconduct

that was at issue before the court. On these facts, the circuit court committed no abuse of discretion in considering appellant's past instances of tardiness.[2]

## II. VIEWED IN THE LIGHT MOST FAVORABLE TO THE COMMONWEALTH, THE EVIDENCE IS SUFFICIENT FOR THE COURT TO FIND APPELLANT IN CONTEMPT.

"Where the court's authority to punish for contempt is exercised by a judgment rendered, its finding is presumed correct and will not be reversed unless plainly wrong or without evidence to support it." Brown v. Commonwealth, 26 Va. App. 758, 762, 497 S.E.2d 147, 149 (1998). In considering a challenge to "the sufficiency of the evidence . . . , we review the evidence in the light most favorable to the Commonwealth, according it the benefit of all reasonable inferences fairly deducible therefrom." Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009).

Appellant argues that he lacked the intent necessary for a finding of criminal contempt.[3] "Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact." Fleming v.

---

[2] A contrary rule would provide a powerful disincentive for a court to exercise restraint when faced with conduct that justifies a sanction of contempt.

[3] The power to summarily punish direct contempt is more limited than the power to punish indirect contempt. See Code § 18.2-456 (limiting the courts' power to summarily punish contempt to the instances listed in that statute). The circuit court did not hold appellant in direct contempt, and appellant does not argue that he was summarily punished. Appellant was convicted following notice and the opportunity to be heard. See Scialdone v. Commonwealth, 279 Va. 422, 442-43, 689 S.E.2d 716, 727-28 (2010) (explaining the difference between direct or summary contempt and indirect contempt). Confusingly, however, even though the court did not hold appellant in summary contempt, the circuit court's order cites the summary contempt statute, Code § 18.2-456. The court was not required, however, to restrict appellant's behavior into one of the subsections of Code § 18.2-456 because the court did not punish appellant summarily. The parties dispute which clause of Code § 18.2-456 the court employed for its finding of contempt. Upon review of the record, as the law of this case, we agree with appellant that the court relied on subsection (1) of Code § 18.2-456. That subsection prohibits "misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice." Appellant's argument is that he did not have the intent to obstruct or interrupt the administration of justice and, therefore, he cannot be convicted under this provision.

Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991). "'Intent in fact is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances. It is a state of mind which may be shown by a person's conduct or by his statements.'" Vincent v. Commonwealth, 276 Va. 648, 652-53, 668 S.E.2d 137, 140 (2008) (quoting Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974)). "Circumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the *only* method of proof." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980).

There is no question that "the element of intent" must be present for a defendant to be found guilty of contempt. Singleton, 278 Va. at 549, 685 S.E.2d at 672. Appellant states, without offering any supporting authority, that contempt "is a specific-intent crime." We disagree. "Specific intent is the intent to accomplish the precise criminal act that one is later charged with." Winston v. Commonwealth, 268 Va. 564, 600, 604 S.E.2d 21, 41 (2004).

The roots of the courts' contempt power run deep in the common law. Carter v. Commonwealth, 96 Va. 791, 806, 32 S.E. 780, 782 (1899) ("That the English courts have exercised the power in question from the remotest period does not admit of doubt."). Despite this ancient pedigree, we can find no Virginia authority for the proposition that specific intent is necessary for a finding of contempt. Few crimes at common law called for proof of specific intent. See Black's Law Dictionary 931 (10th ed. 2014) ("At common law, the specific-intent crimes were robbery, assault, larceny, burglary, forgery, false pretenses, embezzlement, attempt, solicitation, and conspiracy."). Nor does the language of Code § 18.2-456(1) require specific intent. See Johnson v. Commonwealth, 37 Va. App. 634, 640, 561 S.E.2d 1, 4 (2002) ("Specific intent . . . must be explicitly found in the statute's language in order to establish such intent as an element of an offense.").

Contempt under Virginia law is "'an act in disrespect of the court or its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute.'" Robinson v. Commonwealth, 41 Va. App. 137, 142, 583 S.E.2d 60, 63 (2003) (quoting Carter v. Commonwealth, 2 Va. App. 392, 396, 345 S.E.2d 5, 7 (1986)); see also Burdett v. Commonwealth, 103 Va. 838, 843, 48 S.E. 878, 880 (1904) ("'Contempt of court is a disobedience to the court, or an opposing or despising the authority, justice or dignity thereof.'" (quoting 2 R. T. Barton, The Practice in the Courts of Law in Civil Cases 774 (2d ed. 1892))). Professor Costello aptly observes that "[c]ontempt is, itself, a frame of mind" that consists in "an unwillingness to recognize the authority and dignity of the court." John L. Costello, Virginia Criminal Law and Procedure § 26.4[1] (4th ed. 2014).

Under Virginia precedent, willfulness or recklessness satisfies the intent element necessary for a finding of criminal contempt. In Carter, we noted that a contempt conviction must be supported by evidence that "the contempt was committed *willfully*." 2 Va. App. at 397, 345 S.E.2d at 8. In Barrett v. Commonwealth, 268 Va. 170, 183, 597 S.E.2d 104, 111 (2004) (alterations in original) (quoting United States v. Murdock, 290 U.S. 389, 394 (1933)), the Supreme Court explained that

> "The word [willful] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute it generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely[.] The word is also employed to characterize a thing done without ground for believing it is lawful." The term "willful act" imports knowledge and consciousness that injury will result from the act done. The act done must be intended or it must involve a reckless disregard for the rights of another and will probably result in an injury.

In Robinson, we observed that, "[w]here an attorney schedules multiple matters in different jurisdictions at the same time, his assertions of good faith '[d]o not negate the reasonable inference that he *recklessly or willfully* failed [timely] to advise the court of his conflicting

schedule.'"  41 Va. App. at 143, 583 S.E.2d at 63 (second and third alterations in original) (emphasis added) (citation omitted).

Persuasive authority bolsters our conclusion that specific intent is not required and that willfulness or recklessness will support a finding of criminal contempt.  See, e.g., United States v. Allen, 587 F.3d 246, 256 (5th Cir. 2009) (federal statute) ("A conviction for criminal contempt requires both a 'contemptuous act and a willful, contumacious, or reckless state of mind.'" (quoting United States v. West, 21 F.3d 607, 608 (5th Cir. 1994))); United States v. Kouri-Perez, 187 F.3d 1, 8 (1st Cir. 1999) (federal statute) ("[T]he criminal contempt power is to be reserved for conduct that bespeaks a criminal *mens rea* (*i.e.*, intentional or reckless conduct)."); Williams, 576 A.2d at 1342 ("In order to hold a defendant in [criminal] contempt for appearing late, a court must find that the defendant behaved with willful, deliberate, or reckless disregard of the obligation to appear on time."); People v. Ernest, 544 N.E.2d 1275, 1276 (Ill. App. Ct. 1989) ("Specific intent is not a necessary predicate for criminal contempt. . . . In terms of common law analysis of *mens rea*, therefore, a general intent is all that is required.  Thus, intent, knowledge, or recklessness will satisfy the *mens rea*.").

Accordingly, willfulness or recklessness satisfies the intent required for a finding of criminal contempt.[4]  If specific intent were required, a court could not punish witnesses or attorneys whose chronic laziness or carelessness consistently thwarted the administration of justice, so long as the witness or attorney did not specifically intend to disrupt court proceedings.

---

[4] We acknowledge the holding of some courts that, when a defendant is charged with violating the terms of a court order, willfulness requires a specific intent to consciously disregard the order.  See, e.g., United States v. Lynch, 162 F.3d 732, 735 (2d Cir. 1998); see also Leisge v. Leisge, 224 Va. 303, 309, 296 S.E.2d 538, 541 (1982) (suggesting in dicta that criminal contempt for violating the terms of a court order requires specific intent).  This case does not present such a scenario.

- 8 -

Such a view would seriously erode the authority of the courts to efficiently administer their dockets.

We conclude that the evidence, viewed in the light most favorable to the Commonwealth, supports the circuit court's conclusion that appellant was guilty of criminal contempt. The fact that appellant contacted a fellow officer to inform the court that he would be late, as well as the fact that he was late by only nine minutes, *mitigate* the gravity of the offense but do not alter the fundamental problem: appellant was late without a valid excuse after repeated warnings to appear on time. Appellant's repeated tardiness not only disrupted court proceedings but also evidenced his willful and reckless disregard of the obligation to appear on time. Therefore, the circuit court did not err in finding the element of intent satisfied.

Appellant seeks to analogize his case to Wise v. Commonwealth, 97 Va. 779, 34 S.E. 453 (1899). In that case, an attorney had scheduled two cases for trial on the same morning, one in Henrico County and the other in the City of Richmond. Id. at 780, 34 S.E. at 453. Upon discovering that he might be late, he communicated with the Henrico County Commonwealth's Attorney, who was at the courthouse, to inform the court of his concern. Id. He sought to continue the Richmond matter, but the trial court declined his request, and the court in Henrico held him in contempt for appearing late. Id. at 780-81, 34 S.E. at 453. The Supreme Court overturned the finding of contempt, concluding that the attorney had scheduled both cases "in the reasonable expectation" that the first case "would be completed in time to enable him to keep his appointment as counsel" in the Henrico case. Id. at 781, 34 S.E. at 453. Wise is distinguishable. Here, appellant was not in a position of having to appear in two courts with the reasonable expectation that he would be able to conclude his first court appearance in sufficient time for him to appear on time for his second court appearance. Instead, he was late – again and again. In

short, although contumacious intent was lacking in <u>Wise</u>, the facts support the conclusion that it was present here.[5]

Finally, appellant argues that the circuit court misapplied the Supreme Court's ruling in <u>Singleton</u>. In <u>Singleton</u>, two attorneys released their clients from appearing in court based on agreements with opposing counsel that the case should be continued. 278 Va. at 545, 547, 685 S.E.2d at 670, 671. One of the lawyers did not appear on the scheduled trial date. <u>Id.</u> at 545, 685 S.E.2d 670. At that point, however, the court had not entered orders granting a continuance. <u>Id.</u> at 545, 547, 685 S.E.2d at 670-71. The trial court found the two attorneys guilty of contempt. <u>Id.</u> at 546, 547, 685 S.E.2d at 670, 671. The attorneys argued that their actions were not taken to obstruct or interrupt the administration of justice and that, instead, they reasonably expected the court to enter the mutually agreed continuance. <u>Id.</u> On appeal, the Supreme Court concluded that the evidence failed to establish an intent required for a conviction of contempt of court. <u>Id.</u> at 551, 685 S.E.2d at 673.

The circuit court's statement of proceedings in this case contains the following paragraph:

> [T]his Court noted that the <u>Singleton</u> case was inapposite for two reasons. First, it found that the defendants in <u>Singleton</u> were attorneys, not police officers. Second, the Court noted that <u>Singleton</u> did not fit the facts of this case because the lawyers in that case had called off their clients because of a prior agreement with a prosecutor for a continuance. The Court noted that if this were the first time the defendant had been late to court, its ruling would be different; but because of the previous instances set out in the Certificate of Conviction, it found the defendant guilty as charged.

---

[5] In support of his argument that he lacked the requisite intent, appellant also relies on his own testimony – that his wife drove off in the car that contained his court papers. There is no indication that the circuit court accepted this version of events. "The factfinder need not believe an accused's explanation and, if that explanation is not believed, may infer that the accused is lying to conceal his guilt." <u>Phan v. Commonwealth</u>, 258 Va. 506, 511, 521 S.E.2d 282, 284 (1999).

Appellant characterizes this passage as encapsulating a ruling that "a different standard applies to police officers (and presumably other witnesses) as compared with attorneys." We do not read the passage in this way. Rather, the court simply suggested a factual distinction between this case and the facts before the Court in <u>Singleton</u>. We agree with the circuit court that recurring lateness that disrupts the docket is different from the factual situation presented in <u>Singleton</u>, where the lawyers anticipated the court would continue the case based on a mutual agreement of the parties.

Certainly not every instance of tardiness will justify a finding of criminal contempt. The evidence here, however, supports the judgment of the circuit court.

CONCLUSION

We affirm the judgment below.

<u>Affirmed.</u>