UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia


JOHNATHAN BERNARD OUTSEY

MEMORANDUM OPINION[*] BY
v.      Record No. 0251-15-1          CHIEF JUDGE GLEN A. HUFF
                                      DECEMBER 8, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Johnathan B. Outsey ("appellant") appeals his conviction for failing to return rental

property, in violation of Code § 18.2-118.  Following a bench trial in the Circuit Court of the

City of Norfolk ("trial court"), appellant received a two-year suspended sentence.  On appeal,

appellant contends that "[t]he trial court erred in denying the motion to strike and in finding that

the evidence presented was sufficient to support a conviction of the alleged offense because the

evidence did not establish that [appellant] fraudulently failed to return the rental property."  For

the following reasons, this Court affirms appellant's conviction.

I.  BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial."

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

On May 15, 2013, appellant and his roommate, Lamont Claude ("Claude"), rented a flat-screen television from ColorTyme Rental in Norfolk, Virginia.  John Schaller ("Schaller"), the owner of the ColorTyme store, testified that appellant was previously employed by ColorTyme for "three or four" months in 2007.  When employed by ColorTyme, appellant worked directly for Schaller as "an account manager," which required him to "go over the rental agreements with the customers, . . . pickup products, [and] call collections."

Schaller was not personally involved in the transaction with appellant and Claude, but he testified at trial by referencing ColorTyme's file, which was admitted into evidence as a business record.  Because appellant and Claude "had just . . . moved into their address," ColorTyme required that appellant "co-sign[]" the "rental order form" with Claude.  In accordance with the terms of the agreement, a $127.04 payment was made at the time of signing, and monthly payments of $109 were owed on the fifteenth of each month.  ColorTyme, however, never received any additional payments.

Schaller testified that after the first monthly payment was not received, ColorTyme commenced its "collection process."  This process included "call[ing] the numbers on the order [form] . . . [a]nd . . . ultimately mak[ing] field visits to the address on the order form."  ColorTyme employees were unable to contact appellant, however, because "a wrong number . . . was listed on the order form."  ColorTyme was able to make contact with Claude "a couple of times," but was never able to get the television back.  ColorTyme employees visited the address on the rental form twice seeking to recover the television.  On the first visit no one answered, and during the second visit a resident told them that appellant and Claude "moved from that address."  Schaller also testified that ColorTyme sent appellant and Claude "numerous letters," including "certified letters in

- 2 -

reference to the criminal action." A copy of the certified letters that were sent to appellant and Claude, at the address they listed on the rental form, was admitted into evidence as part of ColorTyme's file.

At the close of the Commonwealth's case, appellant moved to strike the evidence as insufficient to establish "fraudulent intent." The trial court overruled appellant's motion. Appellant did not present any evidence, and, pursuant to an agreement by the parties, the trial court made "no finding" of guilt. Instead, the trial court continued "the matter out to . . . give [appellant] . . . an opportunity to get significant progress toward making [ColorTyme] whole again." The matter was ultimately continued until January 30, 2015, at which time the trial court found appellant guilty. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court erred in denying his motion to strike. Specifically, appellant argues that the evidence failed to prove that appellant had the fraudulent intent required by Code § 18.2-118.

Our standard for reviewing the sufficiency of the evidence is firmly established.

> [W]hen the sufficiency of the evidence is challenged on appeal, the evidence and all reasonable inferences fairly drawn therefrom must be viewed in the light most favorable to the Commonwealth. The trial court's judgment should be affirmed unless it appears that it is plainly wrong or without evidence to support it.

Spencer v. Commonwealth, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989) (citations omitted). Additionally, under this familiar standard of review, "[a]n appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether '*any* rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"

Id.

"Determining the credibility of witnesses . . . is within the exclusive province of the jury, which has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). Therefore, this Court will not disturb the fact finder's determination of the credibility of witness testimony unless, "as a matter of law, the testimony is inherently incredible." Walker v. Commonwealth, 258 Va. 54, 70-71, 515 S.E.2d 565, 575 (1999). Indeed, "[t]he living record contains many guideposts to the truth which are not in the printed record," and an appellate court, not having the benefit of these guideposts, "should give great weight to the conclusions of those who have seen and heard them." Bradley v. Commonwealth, 196 Va. 1126, 1136, 86 S.E.2d 828, 834 (1955).

Code § 18.2-118(A), as it existed at the commencement of appellant's prosecution,[1] provided that

> [w]henever any person is in possession or control of any personal
> property, by virtue of or subject to a written lease of such property,
> except property described in § 18.2-117, and such person so in
> possession or control shall, with intent to defraud, sell, secrete, or
> destroy the property, or dispose of the property for his own use, . . .
> or fail to return such property to the lessor thereof within 30 days
> after expiration of the lease or rental period for such property
> stated in such written lease, he shall be deemed guilty of larceny
> thereof.

Code § 18.2-118(B) further provides that if a person

> fails to return such property to the lessor thereof within 30 days
> after the giving of written notice to such person that the lease or
> rental period for such property has expired, [it] shall be prima facie
> evidence of intent to defraud. For the purposes of this section,

---

[1] On March 3, 2014, the General Assembly amended Code § 18.2-118 to include the addition of subsection D and the addition of the phrase, "or in the Virginia Lease-Purchase Agreement Act (Section 59.1-201.17 et seq.)" within subsection A. 2014 Va. Acts ch. 56.

notice mailed by certified mail and addressed to such person at the address of the lessee stated in the lease, shall be sufficient giving of written notice under this section.

"[W]hether the required intent exists is generally a question of fact for the trier of fact." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). "Intent in fact is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances." Abdo v. Commonwealth, 64 Va. App. 468, 475, 769 S.E.2d 677, 680 (2015) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 140 (2008)). Often, circumstances include "a person's conduct and statements." Robertson v. Commonwealth, 31 Va. App. 814, 820, 525 S.E.2d 640, 643 (2000). Moreover, "[c]ircumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the *only* method of proof." Abdo, 64 Va. App. at 475-76, 769 S.E.2d at 680 (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)). In the present case, not only did the Commonwealth establish prima facie evidence of appellant's intent to defraud under Code § 18.2-118(B), but the circumstantial evidence was also sufficient to support the trial court's determination that appellant had the requisite fraudulent intent.

The Commonwealth's evidence established that a certified letter was sent to appellant at the address he listed on the lease agreement and that appellant failed to return the television to ColorTyme within 30 days thereof. A copy of this letter, which was dated June 25, 2013, was admitted into evidence as part of ColorTyme's file. This letter, in relevant part, stated that the "rental agreement expired on 06/15/13" and warned appellant that "failure to return the rented merchandise immediately may result in criminal prosecution." Appellant, however, contends that the evidence did not establish that this letter was sent by certified mail because Schaller had no personal knowledge of the means of communication with appellant, and the letter itself does not represent that it was sent via certified mail.

- 5 -

While testifying as to the contents of ColorTyme's file and the normal procedures taken by ColorTyme during the collections process, Schaller stated that the file contained "a copy of the certified letters that were sent to both defendants." This testimony was corroborated by an entry in ColorTyme's file dated June 25, 2013 – the same date enumerated on the letter – and labeled "CTL" along with a memo stating "cert [s]end 6/25/2013." Viewing this evidence in the light most favorable to the Commonwealth, it is sufficient to demonstrate that ColorTyme sent a certified letter to appellant on June 25, 2013 at the address he listed on the rental agreement. Under Code § 18.2-118(B), therefore, appellant's failure to return the television within "30 days" of this letter constituted "prima facie evidence" of his "intent to defraud."

Moreover, the circumstantial evidence presented at trial is also sufficient to support the trial court's determination that appellant possessed the requisite intent to defraud. While Claude and appellant made an initial payment at the time they signed the rental agreement, this payment was required before they could take possession of the television, and they failed to make any additional payments. When ColorTyme employees attempted to call appellant after failing to receive the first monthly payment, they realized he had provided a "wrong number" on the rental form. When they visited the address listed on the rental form, an address that Claude and appellant claimed to have just moved to, they were informed by a resident that Claude and appellant had "moved" out.

Thus, the evidence, when viewed in the light most favorable to the Commonwealth, demonstrated that appellant failed to make any payments beyond what was necessary to gain possession of the television and that he listed a wrong telephone number and address on the rental form such that ColorTyme was unable to contact him during its collections process, a process appellant was familiar with as a former employee. See Austin v. Commonwealth, 60 Va. App. 60, 67, 723 S.E.2d 633, 636 (2012) (noting that "evasive conduct" and "a general lack

- 6 -

of communication with the victims about any problems or other reasons asserted for non-payment or non-performance" is probative of intent to defraud).  The combined force of the above circumstances is sufficient to support the trial court's determination that appellant possessed the requisite intent to defraud.  See Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) ("While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991))).

### III.  CONCLUSION

Based on the foregoing, this Court affirms the trial court's determination that appellant possessed the requisite intent to defraud under Code § 18.2-118.

Affirmed.