COURT OF APPEALS OF VIRGINIA

Present:   Judges Russell, Ortiz and Raphael
Argued by videoconference

UNPUBLISHED

TEON MONTE VALENTINE

MEMORANDUM OPINION[*] BY
v.        Record No. 0924-21-2          JUDGE WESLEY G. RUSSELL, JR.
                                        JUNE 14, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRICO COUNTY
L. A. Harris, Jr., Judge

Theodore D. Bruns (Blackburn, Conte, Schilling & Click, on brief),
for appellant.

Matthew J. Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Teon Monte Valentine was convicted in a bench trial of aggravated sexual battery regarding

an incident with T.H., his then eleven-year-old daughter.[1]  Valentine challenges the sufficiency of

the evidence supporting his conviction, asserting that the evidence failed to prove that he touched

T.H.'s "intimate parts" or that any touching occurred with the intent to molest, arouse, or gratify any

person.  Because the evidence was sufficient to allow the trial court to conclude he was guilty of the

offense, we affirm the judgment of the trial court.

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing

party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Valentine also was charged and tried for two counts of aggravated sexual battery and
the rape of another daughter, T.R.  The trial court acquitted Valentine of the charges related to
T.R.

*Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018)).

So viewed, the evidence at trial established that Valentine is the biological father of T.H. T.H. testified that at the start of the coronavirus pandemic, she was living in Henrico County with Valentine, her stepmother, and her five sisters.[2] At one point during that time period, T.H. was with Valentine and one of her sisters watching a movie in the "man cave." While T.H. was lying on the floor, Valentine "touched [her] somewhere that he wasn't supposed to." T.H.'s testimony described the incident as Valentine touching a "private area." T.H. was then presented with an anatomical drawing of a child and asked to circle on the drawing where she had been touched. She circled the vaginal area and confirmed in testimony that she circled the vagina on the drawing. She testified that Valentine touched her there with his hand inside of her clothing.

After the touching, T.H. pretended to need to go to the bathroom to get away from Valentine. She then told her sister about the incident, who in turn, relayed the information to their stepmother, and eventually charges were filed.

Based on the evidence, the trial court found Valentine guilty of aggravated sexual battery of T.H. in violation of Code § 18.2-67.3. Valentine now appeals, arguing that the evidence was insufficient to establish that he "touched [T.H.]'s 'intimate parts' as that term is defined in Virginia Code § 18.2-67.10" or that he "touched [T.H.]'s intimate parts with the intent to molest, arouse or gratify any person."[3]

_____

[2] The indictment charges that the offense occurred between June 29 and July 15, 2020.

[3] The Commonwealth contends that these arguments are defaulted pursuant to Rule 5A:18 because Valentine did not make these specific arguments in the trial court. We previously have recognized that our charge to decide cases on "the best and narrowest ground available"

ANALYSIS

## I. Standard of review

In his two assignments of error, Valentine asserts that the evidence was insufficient to support his conviction. When faced with such a challenge, "[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it." *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

## II. Aggravated sexual battery

Code § 18.2-67.4(A) generally provides that "[a]n accused is guilty of sexual battery if he sexually abuses, as defined in § 18.2-67.10," a complaining witness. As pertinent here, Code § 18.2-67.10(6)(a) defines "[s]exual abuse" as "an act committed with the intent to sexually molest, arouse, or gratify any person, where . . . [t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts[.]"

---

may augur in favor of addressing the merits of an appeal as opposed to a procedural default argument. *Abdo v. Commonwealth*, 64 Va. App. 468, 473 n.1 (2015) (internal quotation marks and citation omitted). We conclude this is such a case. Accordingly, we assume, but do not decide, that Valentine's arguments are sufficiently preserved to permit our review.

Code § 18.2-67.10(2) defines "[i]ntimate parts" as "the genitalia, anus, groin, breast, or buttocks of any person." A person commits "aggravated sexual battery if he or she sexually abuses the complaining witness, and . . . [t]he complaining witness is less than 13 years of age[.]" Code § 18.2-67.3(A)(1).

Accordingly, to sustain Valentine's conviction of aggravated sexual battery regarding his contact with T.H., the evidence needed to be sufficient to establish that Valentine intentionally touched either an intimate part of T.H. or material directly covering an intimate part of T.H. when she was less than thirteen years old and that he did so with the intent to sexually molest, arouse, or gratify any person. On appeal, Valentine does not contest that he intentionally touched T.H. when she was younger than thirteen; rather, he asserts that the evidence was insufficient to establish that he touched an intimate part of T.H. or that any such touching was done with the intent to sexually molest, arouse, or gratify any person. We address each contention in turn.

### III. Touching of an intimate part

In support of his argument that the evidence failed to establish that he touched an "intimate part" of T.H., Valentine notes that, in her initial testimony, T.H. did not expressly say that Valentine had touched one of her intimate parts, but rather, testified that he touched what she called a "private area." This argument ignores that T.H. continued to give evidence, clarifying what she meant by "private area." Specifically, when presented with an anatomical drawing and asked to circle where she had been touched, she circled her vaginal area. Furthermore, when specifically asked if she had circled the "vagina," she responded in the affirmative. Viewed in its totality, T.H.'s testimony, which was deemed credible by the factfinder, established that Valentine placed his hand inside her pants and touched her vagina. It is undisputed that a vagina

constitutes an "intimate part[.]"[4]  Thus, the evidence was sufficient to establish that Valentine touched an "intimate part" of T.H. as that phrase is defined in Code § 18.2-67.10(2).

## IV.  Intent

Regarding intent, the Commonwealth was required to prove that Valentine's touching of T.H.'s vagina was undertaken "with the intent to molest, arouse, or gratify any person[.]" Code § 18.2-67.10(6)(a).  By its terms, the statutory definition is satisfied if the defendant's intent is to "arouse or gratify" himself, "molest, arouse or gratify" the victim, or "molest, arouse or gratify" a third person.

Valentine argues that the evidence failed to establish he harbored any such intent when he intentionally touched T.H.'s vagina.  We disagree.

"Intent may, and most often must, be proven by circumstantial evidence[.]"  *Holley v. Commonwealth*, 38 Va. App. 158, 165 (2002) (quoting *Summerlin v. Commonwealth*, 37 Va. App. 288, 297 (2002)).  "Intent may be shown by a person's conduct and by his statements." *Long v. Commonwealth*, 8 Va. App. 194, 198 (1989).  In fact, it will often be the case that "the question of . . . intent must be determined from the outward manifestation of [a defendant's] actions leading to usual and natural results, under the peculiar facts and circumstances disclosed."  *Ingram v. Commonwealth*, 192 Va. 794, 801 (1951).  Determining whether a defendant possessed the requisite intent "presents a factual question which lies peculiarly within the province of the" factfinder.  *Id.* at 802.

Here, the evidence established that Valentine and T.H. were in his "man cave" away from any other adults.  Although T.H.'s sister was also in the room, Valentine's touching of T.H. occurred in a manner that was not observed by the sister.  Thus, while in the relative privacy of

---

[4] Valentine conceded at oral argument in this Court that a vagina constitutes an "intimate part" for the purposes of Code § 18.2-67.10(2).

the "man cave" and in a manner that prevented others from seeing what he was doing, Valentine placed his hand down T.H.'s pants and intentionally touched her vagina. He did so in a way that made T.H. uncomfortable to the point that she pretended to need to go to the bathroom to get away from Valentine.

From these facts, the trial court reasonably could infer that Valentine undertook the touching with the intent to "arouse or gratify" himself, "molest, arouse or gratify" T.H., or some combination of the two. Given his actions, it is difficult to conceive of another possible intention. No such alternate intention is suggested by the record, and Valentine has not identified one on appeal. Accordingly, the evidence was sufficient to support the trial court's conclusion that Valentine undertook the touching with the requisite intent.

## CONCLUSION

For the foregoing reasons, the evidence was sufficient to allow a reasonable factfinder to conclude beyond a reasonable doubt that Valentine touched an intimate part of T.H. with the requisite intent. Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*