COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Malveaux and Causey

LARRY DALE WILLIAMS

v.      Record No. 1232-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 4, 2022

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

(Erik L. Sapp; Office of the Public Defender, on briefs), for
appellant.

(Jason S. Miyares, Attorney General; Mason D. Williams, Assistant
Attorney General, on brief), for appellee.  Appellee submitting on
brief.

Larry Dale Williams challenges the sentence the trial court imposed following his felony

conviction for failure to appear, in violation of Code § 19.2-128.  After examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

Consistent "with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, [as] the prevailing party" in the trial court.  *Carter v.*

*Commonwealth*, 300 Va. 371, 374 (2021) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381

(2016)).  The trial court convicted Williams of felony failure to appear upon his guilty plea.  The

record reflects that the failure to appear charge arose when Williams did not appear in the trial court

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

on January 11, 2021, for sentencing on convictions for possession with intent to distribute methamphetamine and possession of a firearm while in possession of methamphetamine.[1]  During the plea colloquy with the trial court, Williams stated that he understood the trial court was "not required to follow the sentencing guidelines."  Williams also advised the trial court that he had reviewed the guilty plea form with his attorney and understood the form, which advised him that the maximum penalty for the failure to appear charge was five years of imprisonment.

When the parties appeared for a sentencing hearing on all three charges, the trial court stated that it had received "updated [sentencing] guidelines."[2]  Although there apparently was a significant change in the recommended guidelines range from the original calculation, Williams presented testimony that the change was the result of an oversight in the original calculation.  The conviction for the failure to appear had no effect on the recommendation.  In other words, as the trial court summarized it, "the felony failure to appear adds absolutely zero to his guidelines."  Williams also presented testimony that he was seventy years old.

Williams argued that he had pleaded guilty to the charge and had "take[n] responsibility for the fact that he did not show up for his sentencing in January."  Considering his age, the sentence to be imposed for the other charges, and the fact that there was "no chang[e]" in the guidelines, Williams asked the trial court to impose "an entirely suspended sentence on his failure to appear."  The Commonwealth responded that Williams's failure to appear for his sentencing had delayed resolution of the underlying charges and that an active term of incarceration was appropriate under the circumstances.  Finding Williams's failure to appear to

---

[1] Those charges were resolved by plea agreement, and Williams states on brief that he does not appeal the convictions or sentences for those offenses.

[2] The original sentencing guidelines, prepared for the January 2021 sentencing hearing, do not appear in the record transmitted to this Court.

be an aggravating circumstance, the trial court sentenced Williams to five years of imprisonment, with three years suspended.  This appeal follows.

ANALYSIS

We review a circuit court's criminal sentencing decision for an abuse of discretion.  *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016).  "A Virginia trial court 'clearly' acts within the scope of its sentencing authority 'when it chooses a point within the permitted statutory range' at which to fix punishment."  *Id.* at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771 (2007)).  "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end."  *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565).

Williams contends that the trial court erred in imposing an active sentence of two years of incarceration for his failure to appear conviction.  The gravamen of his argument is that the trial court failed to modify the low end of the discretionary sentencing guidelines range to account for his alleged acceptance of responsibility for the offense.  The Commonwealth responds that Williams's argument concerning a modification of the sentencing guidelines range was waived when appellant failed to ask for that relief in the trial court.  Moreover, the Commonwealth maintains that his argument is without merit because the sentencing guidelines are discretionary and the sentence imposed was within the statutory range of punishment.  Williams disputes the asserted waiver, noting that his counsel argued at sentencing that he had accepted responsibility by pleading guilty.

It is unnecessary to decide the waiver issue in this case because Williams's "argument is without merit because the guidelines provided by Code § 19.2-298.01 are discretionary, rather

than mandatory."[3] *West v. Dir., Dep't. of Corrs.*, 273 Va. 56, 65 (2007). "The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). As this Court has frequently stated, "the recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). Thus, "the circuit court was required only to consider the sentencing guidelines before sentencing [Williams] and to file with the record of the case a written explanation of any departure from the indicated range of punishment." *West*, 273 Va. at 65 (citing Code § 19.2-298.01(B)).

The record reflects that the trial court considered the guidelines in this case. The trial judge stated his reasons for the sentence from the bench and provided a written explanation for the sentence imposed. The sentence imposed "was within the statutory range, and our task is complete." *Thomason*, 69 Va. App. at 99; Code §§ 18.2-10, 19.2-128(B).

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*

---

[3] "[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" *Commonwealth v. White*, 293 Va. 411, 419 (2017) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015)). "In this case, resolution of the merits constitutes the best and narrowest ground" to address the case because Williams's claim is wholly without merit. *McDaniel v. Commonwealth*, 73 Va. App. 299, 317 n.6 (2021) (quoting *Abdo v. Commonwealth*, 64 Va. App. 468, 473 n.1 (2015)).