COURT OF APPEALS OF VIRGINIA

Present: Judges Ortiz, Chaney and Senior Judge Haley

DIALLO OLUMNMINJI TURNER

v.      Record No. 0240-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE VERNIDA R. CHANEY
JULY 5, 2023

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge Designate

(Alexander Raymond, on brief), for appellant. Appellant
submitting on brief.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

Following a bench trial, the trial court convicted Diallo Olumnminji Turner of possession of

cocaine. The trial court sentenced Turner to ten years of incarceration with seven years suspended.

Turner argues that the evidence was insufficient to support his conviction because the

Commonwealth failed to establish that he possessed the cocaine. For the following reasons, this

Court disagrees and affirms the conviction.

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party

in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting

*Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Therefore, we "discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On July 8, 2020, Spotsylvania County Sheriff's Deputy Wichowski responded to a report that a woman had overdosed at a Wawa convenience store. Witnesses at the scene told Deputy Wichowski that Turner was present during the overdose.

Later, in response to a call from a store employee, Deputy Wichowski returned to the Wawa and found Turner sitting in the driver's seat of a silver GMC SUV parked at the store. The vehicle was registered to Lisa Michelle Ashlock. Deputy Wichowski asked Turner about his involvement with the overdose. After learning Turner's identity, Deputy Wichowski determined that Turner had several outstanding warrants for his arrest. Deputy Wichowski asked Turner to exit the vehicle, but Turner disputed the warrants and refused. Deputy Pearsall arrived at the scene, and the two officers physically removed Turner from the vehicle and arrested him. The officers found marijuana on Turner's person.

In the vehicle's center console, Deputy Wichowski found an empty pill container, a black tray containing a white substance, and a folded bill with white residue. After an officer advised Turner of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), Turner stated that the substance on the black tray "was his prescription pills cut up." At the jail, Turner made two phone calls during which he indicated that he possessed the vehicle.

At trial, Turner testified that Ashlock allowed him to use the truck "earlier that day" to attend a funeral. Turner was in the process of purchasing the truck and was making payments on it. After the funeral, Turner returned to Ashlock's house and slept. During that time, Ashlock used the vehicle. Around 1:00 a.m., Turner drove the truck to Wawa to buy a sandwich to eat with his medication. The truck still contained some of Ashlock's property, and Turner did not inspect the vehicle before using it. At Wawa, Turner helped an unknown woman "that was in trouble" into the

store and told "the people [there] that something was wrong with this lady. She needed help." Turner forgot his wallet at Ashlock's house, so he went there to retrieve his wallet and then returned to Wawa to buy the sandwich. Turner was eating the sandwich in the truck when Deputy Wichowski approached him.

At the conclusion of the evidence, the trial court found that Turner's testimony was not credible. The trial court held that Turner's account "impl[ied] that someone, somehow, snuck into the truck, [and] put stuff into the console while [he was] sleeping." The trial court convicted Turner of possessing a Schedule I or II controlled substance. Turner appeals.

ANALYSIS

Turner asserts that the trial court erred in convicting him because the "Commonwealth's evidence was based almost entirely on [Turner]'s proximity to the drug." Additionally, Turner argues that the Commonwealth failed to exclude the reasonable hypothesis of innocence that another person used cocaine in the vehicle before Turner occupied it.

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). The Court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Cady*, 300 Va. at 329 (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). Instead, we ask "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Eberhardt v. Commonwealth*, 74 Va. App. 23, 31 (2021) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"Possession of a controlled substance may be actual or constructive." *Watts v. Commonwealth*, 57 Va. App. 217, 232 (2010). "Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control.'" *Hall v. Commonwealth*, 69 Va. App. 437, 448 (2018) (quoting *Logan v. Commonwealth*, 19 Va. App. 437, 444 (1994) (en banc)). "A person's ownership or occupancy of premises on which the subject item is found, proximity to the item, and statements or conduct concerning the location of the item are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession." *Id.* (quoting *Wright v. Commonwealth*, 53 Va. App. 266, 274 (2009)). "Circumstantial evidence is as acceptable . . . as direct evidence" to prove guilt, especially as "it is practically the *only* method of proof" for elements like intent and knowledge. *Abdo v. Commonwealth*, 64 Va. App. 468, 475-76 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

The Commonwealth presented sufficient evidence to support the trial court's conclusion beyond a reasonable doubt that Turner constructively possessed the cocaine. Turner was in the process of purchasing the truck and had been driving it. In the hours before the incident, Turner drove the truck multiple times, and when approached by Deputy Wichowski, he was in the driver's seat. On several occasions, Turner made statements indicating that he had possession of the truck. Therefore, the evidence was sufficient to prove that the cocaine was in Turner's dominion and control.

From 1:00 a.m. to 3:15 a.m. on the morning of the incident, Turner drove the truck on at least three occasions: to Wawa, back to Ashlock's house, and then back to Wawa. During these trips, the black tray containing a white substance and a rolled-up bill with white residue was in plain view. Turner admitted to Deputy Wichowski that he used that same tray to "cut up" his medication.

- 4 -

This evidence is sufficient for the trial court to determine that Turner was aware of the presence of the cocaine. Additionally, the white powdery substance, in conjunction with the rolled-up bill with white residue, could reasonably lead a rational factfinder to conclude that the powder was an illicit substance, possibly cocaine. The evidence, therefore, was sufficient for the trial court to find that Turner was aware of the character of the substance. Although Turner denied at trial that he was aware of the cocaine or the rolled-up bill with white residue, a factfinder is "at liberty to discount [Turner]'s self-serving statements as little more than lying to 'conceal his guilt,' and could treat such prevarications as 'affirmative evidence of guilt.'" *Coleman v. Commonwealth*, 52 Va. App. 19, 25 (2008) (first quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 10 (2004); and then quoting *Wright v. West*, 505 U.S. 277, 296 (1992)). "Where credibility issues are resolved by the [factfinder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong." *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010). Viewed as a whole, the circumstantial evidence here was sufficient to enable a reasonable factfinder to conclude that Turner was "aware of both the presence and the character of the [cocaine] and that it was subject to his dominion and control.'" *Hall*, 69 Va. App. at 448 (quoting *Logan*, 19 Va. App. at 444).

Turner also argues that the Commonwealth failed to exclude his reasonable hypothesis of innocence—that another person used cocaine in the vehicle before he drove to Wawa. To satisfy its burden of proof, the Commonwealth must exclude "every *reasonable* hypothesis of innocence, that is, those 'which flow from the evidence itself, and not from the imagination of defendant's counsel.'" *Tyler v. Commonwealth*, 254 Va. 162, 166 (1997) (quoting *Turner v. Commonwealth*, 218 Va. 141, 148 (1977)). This "reasonable-hypothesis principle is not a discrete rule unto itself" and "'does not add to the burden of proof placed upon the Commonwealth in a criminal case.'" *Vasquez v. Commonwealth*, 291 Va. 232, 249-50 (2016) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). The Commonwealth need not "negate what 'could have been' or what was a

'possibility.'" *Nelson v. Commonwealth*, 281 Va. 212, 218 (2011). Thus, although "[i]t is true that a factfinder cannot 'arbitrarily' choose, as between two equally plausible interpretations of a fact, one that incriminates the defendant," an arbitrary choice occurs "only when no rational factfinder could believe the incriminating interpretation of the evidence and disbelieve the exculpatory one." *Vasquez*, 291 Va. at 250. "When examining an alternate hypothesis of innocence, the question is not whether 'some evidence' supports the hypothesis, but whether a rational factfinder could have found that the incriminating evidence renders the hypothesis of innocence unreasonable." *Id.* (quoting *Hudson*, 265 Va. at 513). Here, the trial court found "incredible" Turner's testimony that Ashlock, or another person, used cocaine in the vehicle while Turner was asleep and then returned the vehicle before he awoke. Thus, the incriminating evidence was sufficient for the trial court to find Turner's hypothesis of innocence unreasonable.

## CONCLUSION

The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Turner was guilty of possession of a Schedule I or II controlled substance. Accordingly, this Court affirms the conviction.

*Affirmed.*