COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


CURTIS T. BROWN
                                            OPINION BY
v.        Record No. 0815-97-1     JUDGE JOSEPH E. BAKER
                                            MARCH 17, 1998
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                  William F. Rutherford, Judge

          Curtis T. Brown, pro se.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Richard Cullen, Attorney General;
          Richard B. Smith, Assistant Attorney General,
          on brief), for appellee.


     On March 3, 1997, attorney Curtis T. Brown was adjudged by

the Circuit Court of the City of Norfolk (trial court) to be in

contempt of court, in violation of Code § 18.2-456.  Brown

contends the evidence is insufficient to support the trial

court's finding of contempt and the punishment imposed.  We hold

that the evidence is sufficient to support the conviction but

that the fine imposed is invalid to the extent it exceeds the

statutory limit of $50.

     The record indicates that, in a civil action pending in the

trial court in which Brown represented the plaintiff, Brown filed

a praecipe requesting that the case be set for trial by jury.  At

the court's October 2, 1996 docket call, with Brown's agreement,

the matter was set to be heard at 9:30 a.m. on March 3, 1997.  At

the scheduled time, the judge, a jury, defense counsel, and

witnesses were present and prepared to try the case; however,
when the clerk inquired whether the plaintiff was ready, the
trial court noted:  "He answers not."  Defense counsel advised
the court that defendant was ready.  The trial court announced
that Brown would be given fifteen minutes to appear, after which
contempt proceedings would begin pursuant to Code § 18.2-456.

At 10:08 a.m., thirty-eight minutes later, Brown appeared.
When asked if plaintiff was ready, Brown responded only:  "The
plaintiff moves for a nonsuit."  The court responded:  "All
right.  So ordered," and directed Brown to "approach the bar."

When the trial court asked for an explanation, appellant replied:

> It was just a mistake, Your Honor.  I
> wasn't aware of it.  I left town last week,
> we didn't have our docket book.  My secretary
> made a mistake.  I didn't know about it.
> When she called -- I guess the clerk called.
>  Friday morning I was in South Carolina.  I
> had an uncle that just passed and I didn't
> call back to the office to even find out
> about the case.  Me and [defendant's counsel]
> are good friends.  We talk all the time, but
> this is one case we didn't talk about.

When the court noted that a praecipe signed by Brown had been
filed, Brown replied:

> Yes, sir, I'm aware of that.  I'm aware
> that the case was set but I didn't -- it was
> one of the things that I just didn't write
> down in my docket book.  I've got four cases
> down at [Virginia Beach] and I was down there
> this morning, but I called back to the office
> and they told me about the case.  I wasn't
> aware.

Brown then advised the court that he had set four other
cases for the same day in Virginia Beach Juvenile and Domestic

Relations District Court and had gone there to attend to those cases, having not put the subject case in his docket book. The transcript shows no other reason for his failure to appear at the pre-scheduled time.[1] In making its finding, the trial court said:

> All right. Mr. Brown, I find that you are in contempt of court, in violation of Virginia Code [§] 18.2-456, and that your misbehavior interrupted the administration of justice this morning. I fine you $400, $10 a minute for every minute you were late. You're in contempt of court and ordered to pay the $400.

In relevant part, Code § 18.2-456 authorizes trial courts to punish officers of the court for "[m]isbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice."

> "Contempt is defined as an act in disrespect of the court or its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute." 4A Michie's Jurisprudence Contempt § 2 (Repl. Vol. 1983). Any act which is calculated to embarrass, hinder, or obstruct the court in the administration of justice is contempt. Potts v. Commonwealth, 184 Va. 855, 859, 36 S.E.2d 529, 530 (1946).

Carter v. Commonwealth, 2 Va. App. 392, 396, 345 S.E.2d 5, 7-8 (1986).

---

[1] In his brief to this Court, appellant represents that he telephoned the deputy clerk prior to 9:30 a.m., explained his error and asked her to relay his desire for a nonsuit to the judge. The record contains no indication that these representations were communicated to the trial judge either by the deputy clerk or by appellant when he arrived in court. Therefore, we may not consider them on appeal.

- 3 -

Where the court's authority to punish for contempt is exercised by a judgment rendered, its finding is presumed correct and will not be reversed unless plainly wrong or without evidence to support it. See Baugh v. Commonwealth, 14 Va. App. 368, 374, 417 S.E.2d 891, 895 (1992).

We hold that, where an attorney schedules multiple matters in different jurisdictions at the same time, his assertions of good faith "[do] not negate the reasonable inference that he recklessly or wilfully failed [timely] to advise the court of his conflicting schedule." See Murphy v. Maryland, 416 A.2d 748, 756 n.11 (Md. Ct. Spec. App. 1980). Here, appellant's actions in scheduling multiple matters for trial in different courts in different jurisdictions at the same time support the trial court's finding of "[m]isbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice."

Although we find sufficient evidence to support the conviction, we hold that the punishment imposed exceeded the limits allowed by law. Where punishment is by fine and determined without a jury, Code § 18.2-457 limits the sum to no more than $50. Where the sentence imposed is in excess of that prescribed by law, only the part that is excessive is invalid. See Royster v. Smith, 195 Va. 228, 235, 77 S.E.2d 855, 860 (1953) (citing Crutchfield v. Commonwealth, 187 Va. 291, 46 S.E.2d 340 (1948)); see also Deagle v. Commonwealth, 214 Va. 304, 305, 199

- 4 -

S.E.2d 509, 511 (1973).

For the reasons stated, the judgment of the trial court finding Brown's conduct to be in violation of Code § 18.2-456 is affirmed but the fine assessed is reduced to the statutory limit of $50.

<u>Affirmed as modified.</u>