COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Overton
Argued by teleconference


WILLIE HARVEY MIDDLEBROOKS, JR.
                                    MEMORANDUM OPINION* BY
v.    Record No. 1516-01-1          JUDGE NELSON T. OVERTON
                                         JULY 30, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                     H. Vincent Conway, Jr., Judge

            Oldric J. LaBell, Jr., for appellant.

            Jennifer R. Franklin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Willie Harvey Middlebrooks, Jr., appellant, appeals his

convictions for abduction, maiming, robbery and use of a firearm

in the commission of a felony, in violation of Code §§ 18.2-48,

-51, -58, and -53.1 respectively.  Appellant contends the trial

court erred by allowing the Commonwealth to elicit testimony

about the existence and details of appellant's juvenile

adjudications of assault and battery.  Appellant further argues

that the trial court erred by finding him in contempt of court

and summarily sentencing him, without a jury, to a term of

imprisonment and a fine in excess of that prescribed by law.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

For the reasons that follow, we find the trial court erred by allowing the Commonwealth to impeach appellant with his prior juvenile adjudications and the details thereof. We further find that the trial court erred by summarily sentencing appellant in excess of the statutory limits.

BACKGROUND

Appellant, appellant's twin brother, and another individual, named "Yellow," held Nicholas Lawrence against his will throughout one evening in 1999. Yellow, with appellant's and his brother's assistance, tortured Lawrence because he would not give them money. Lawrence testified appellant put a gun to his head and asked whether Lawrence knew their names. Lawrence stated he did not. The next morning, accompanied by all three assailants, Lawrence withdrew money from his bank account and gave it to them. They then let Lawrence go.

At trial, appellant claimed Yellow threatened him and his brother, coercing them to participate in the actions against Lawrence. Appellant also testified he left Newport News because he had had some trouble in Newport News relating to an incident in which he "stood up" for Lawrence.

On cross-examination, the Commonwealth asked appellant if he had had any other trouble in Newport News. Appellant responded in the negative. The Commonwealth again asked whether appellant had had any trouble in the area and whether he had a

-

temper.  Appellant again answered in the negative.  The Commonwealth then asked if appellant had ever had a problem with his temper.  Appellant answered he did not.  The Commonwealth proceeded to question appellant, over his objection, about two prior juvenile adjudications for assault and battery.  The trial court stated appellant had "opened the door" to the inquiry by stating he did not have a problem with his temper.

At sentencing, appellant said to the assistant Commonwealth's attorney, "Fuck you, bitch."  The trial court found appellant in contempt of court and summarily sentenced him to twelve months in jail and a $1,000 fine.

ANALYSIS

Evidence of Prior Juvenile Adjudications

The Commonwealth asked appellant if he had ever had a problem with his temper and whether he had had any other problems in Newport News.  Appellant answered both inquiries in the negative.  Over appellant's objection, the Commonwealth proceeded to cross-examine appellant about his prior juvenile adjudications for assault and battery.

In Newton v. Commonwealth, 29 Va. App. 433, 512 S.E.2d 846 (1999), the Commonwealth asked a defense witness whether he had a history of drug abuse.  The witness responded he did not.  The trial court allowed the Commonwealth to cross-examine the

witness with regard to a prior misdemeanor conviction for distribution of marijuana.  This Court found that

> "[w]here the purpose of the inquiry is to impeach a witness' veracity, cross-examination concerning a witness' prior convictions is limited to prior felony convictions and convictions for misdemeanors involving moral turpitude."  Misdemeanor crimes of moral turpitude are limited to those crimes involving lying, cheating and stealing, including making a false statement and petit larceny.

Id. at 448, 512 S.E.2d at 853.

The Commonwealth's attorney sought to impeach appellant's veracity with regard to his answers to the questions the Commonwealth posed.  However, assault and battery is not a crime involving moral turpitude.  Further, the assault and battery offenses were juvenile adjudications.  Absent a foundation other than impeaching appellant's veracity, the trial court should not have allowed the Commonwealth to pursue this line of questioning.

As the basis for his ruling, the trial judge stated appellant "opened the door" to the line of questioning by stating he did not have a temper.  However, appellant did not deny he had prior convictions, he denied having a temper.  Having assault and battery convictions does not prove one has a temper.  Further, the trial court's reasoning suggests appellant put his character in evidence by his answer.  The Commonwealth

-

merely elicited the response that appellant did not have a temper.  No inference can be drawn from two assault and battery convictions as to whether one has a temper or a problem with his temper.

Additionally, appellant did not "open the door" in his direct testimony that he was a peaceful person, nor did his answers to the Commonwealth's questions suggest he was attempting to show the jury he was a peaceful citizen.  If appellant had raised character evidence of peacefulness, the Commonwealth might have properly impeached such character evidence with proof of other crimes.  However, as in Newton, the Commonwealth opened the door to appellant's prior convictions by asking whether appellant had had any trouble in the community and with his temper.  The trial court erred by allowing the Commonwealth to cross-examine appellant about the fact of his prior adjudications and the details of those offenses. Therefore, we reverse the judgments of conviction for abduction, maiming, robbery and the three related use of a firearm in the commission of a felony charges and remand for further proceedings if the Commonwealth be so advised.

Excessive Penalty for Summary Contempt Conviction

At the conclusion of appellant's sentencing hearing, while still in the courtroom, appellant stated to the assistant

-

Commonwealth's attorney, "Fuck you, bitch." The trial judge did not hear the statement.

Code § 18.2-456(1) provides that a court or judge may find one in contempt and punish the offender summarily for "[m]isbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice." Code § 18.2-457 states that "[n]o court shall, without a jury, for any such contempt as is mentioned in the first class embraced in § 18.2-246, impose a fine exceeding $250 or imprison more than ten days[] . . . ." Code § 18.2-456(3) prohibits use of "vile, contemptuous or insulting language . . . used in the judge's presence and intended for his hearing for or in respect of such act or proceeding."

The trial judge stated, "Mr. Middlebrooks, anything which tends to disrupt this Court in its administration of justice is contempt of court. The Court is of the opinion that what just occurred disrupted this Court and was in contempt of this Court's process." The trial judge added he was pronouncing sentence "for what just occurred between you and the Commonwealth's Attorney in the presence of this Court." Nothing in the record supports the Commonwealth's contention that appellant intended the trial judge to hear his statement to the prosecutor. Therefore, the evidence does not establish a violation of Code § 18.2-456(3).

-

The trial judge's statements to appellant at the time of the contempt do, however, support a contempt finding under Code § 18.2-456(1). Thus, appellant should have been sentenced pursuant to Code § 18.2-457. Therefore, we find the trial court sentenced appellant in excess of the limits set out in Code § 18.2-457. However, "[w]here the sentence imposed is in excess of that prescribed by law, only the part that is excessive is invalid." Brown v. Commonwealth, 26 Va. App. 758, 763, 497 S.E.2d 147, 150 (1998) (citation omitted).

For the above stated reasons, we reverse the felony convictions and remand for further proceedings if the Commonwealth be so advised. With respect to the contempt proceeding, we affirm the conviction, but vacate the sentence and impose a sentence of ten days in jail and a $250 fine.

Reversed and remanded,
in part and affirmed, in part,
as modified.

-