COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Retired Judge Smith[*]
Argued at Salem, Virginia


JEFFREY AUSTIN BARRON

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 1798-02-3      JUDGE RUDOLPH BUMGARDNER, III
                                         JUNE 24, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                    Ray W. Grubbs, Judge

          George F. Marable, III, for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Jeffrey Austin Barron appeals his convictions for

abduction, Code § 18.2-47, and carjacking, Code § 18.2-58.1(B).

He maintains double jeopardy bars his conviction of abduction

because the detention of the victim was incidental to and an

essential part of the carjacking.  He argues the victim was the

"tool" used to seize the car.  He also maintains the sentence

imposed for abduction was improper.  We conclude the two

convictions were appropriate and affirm them.  The Commonwealth

_____

          [*]Retired Judge Charles H. Smith, Jr., took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400.

          [**]Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

concedes the trial court sentenced the defendant to a term greater than the maximum permitted.

The victim was a taxi driver dispatched to the Montgomery Regional Hospital where she picked up the defendant. As they left the hospital, the defendant put a gun to her head and ordered her to drive where he told her to go. They started toward Christiansburg but eventually drove into Craig County before returning to Montgomery County. At some point, the defendant took over as driver and held the victim as a passenger against her will. The defendant released the victim on the side of the road in Montgomery County and drove off in the taxi.

The carjacking statute specifically provides, "The provisions of this section shall not preclude the applicability of any other provision of the criminal law of the Commonwealth which may apply to any course of conduct which violates this section." Code § 18.2-58.1(C). By enacting this language, "the General Assembly made it clear that conviction for the offense of carjacking does not prohibit the Commonwealth from pursuing any other crime an offender commits while the carjacking is in progress." Brown v. Commonwealth, 37 Va. App. 507, 518, 559 S.E.2d 415, 420-21 (2002). Where the legislative intent is clear, and multiple sentences were intended, there is no viable double jeopardy claim. Turner v. Commonwealth, 221 Va. 513, 530, 273 S.E.2d 36, 47 (1980) (Code § 18.2-53.1).

> [O]ne accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985) (abduction and rape). See also Cardwell v. Commonwealth, 248 Va. 501, 511, 450 S.E.2d 146, 152 (1994) (abduction and robbery); Abraham v. Commonwealth, 32 Va. App. 22, 27-28, 526 S.E.2d 277, 279 (2000) (abduction, robbery, and carjacking).

The trial court specifically found the detention "was more than merely incidental to the carjacking." The evidence supports that finding. The defendant accomplished the carjacking when he took control of the car at gunpoint and ordered the victim to drive as he directed. He detained and transported the victim for several hours. After they returned to Montgomery County, the defendant was the driver and the victim his captive passenger. At that point alone, the detention was completely separate from the restraint employed to seize control of the car. The acts constituting abduction and carjacking were separate and distinct.

The Commonwealth conceded the defendant was sentenced to fifteen years for abduction when the maximum punishment was ten years. Code §§ 18.2-10 and -47. "Where the sentence imposed is

- 3 -

in excess of that prescribed by law, that part of the sentence which is excessive is invalid." Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 510 (1973) (trial court properly imposed sentence and not fine where jury improperly punished defendant with both). We hold that five years of the fifteen-year sentence is void and order the sentence reduced to ten years. Brown v. Commonwealth, 26 Va. App. 758, 763, 497 S.E.2d 147, 150 (1998) (appellate court may reduce fine to what legislature authorized).

Accordingly, we affirm the convictions of abduction and carjacking but reduce the sentence for abduction to ten years.

Affirmed as modified.