COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and Raphael
Argued at Norfolk, Virginia

STEVEN L. WASHINGTON

v.      Record No. 1252-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
MARCH 5, 2024

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

Norman A. Thomas (Norman A. Thomas, PLLC, on briefs), for
appellant.

Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Following a bench trial, the Circuit Court of the City of Chesapeake convicted Steven L.

Washington of contempt of court for failure to appear as the attorney for his client at a hearing in

his client's criminal matter. On appeal, Washington challenges the sufficiency of the evidence

supporting his conviction and argues that the trial court did not comply with Code § 18.2-456,

the statute governing summary contempt proceedings.

I. BACKGROUND

Washington, a licensed Virginia attorney, represented Javontay Cannady in a criminal

matter that was scheduled for a hearing on June 16, 2022. After suffering a death in his family

on June 15, 2022, Washington contacted the Commonwealth, and the parties agreed to continue

the *Commonwealth v. Cannady* case until 9:30 a.m. on June 23, 2022, to set a trial date. On June

23, 2022, at 9:38 a.m., Washington called the City of Chesapeake Circuit Court Clerk's Office

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

from Portsmouth to inform the circuit court that he would be late.  Before Washington arrived, his client, Cannady, signed a control order to continue the case one week to June 30, 2022, at 9:30 a.m.  After 10:00 a.m. on that same morning of June 23, the circuit court judge saw Washington in the courtroom.  The judge observed Washington talking to the assistant Commonwealth's attorney handling the *Cannady* case.  Washington later left the courtroom without any contact with the court.

Cannady appeared for the June 30, 2022 hearing in his criminal case when the matter was called.  However, Washington, his attorney, did not appear in court that day at all.  Without Washington present, Cannady again signed a control order that continued his case to July 15, 2022.  That same day, June 30, the trial court also entered against Washington an "Order for Rule to Show Cause - Attorney Contempt of Court [Code] § 18.2-456/CON3283-S9."  That June 30, 2022 order named "Steven L. Washington, Attorney" as the defendant and instructed him to appear on July 15, 2022, "to show cause why he/she should not be fined and/or imprisoned for failure to appear."

After being served with a summons, Washington appeared on July 15, 2022, to be arraigned for his failure to appear.[1]  Washington waived his right to counsel, pleaded not guilty, and asked for the matter to be heard.  The Commonwealth's Attorney's Office did not prosecute the case.  The trial court stated that Washington was not present for the hearing in his client's case on June 30, 2022.  The trial court also questioned Washington about his attendance at the June 23 hearing.  Washington answered that he was present that day, but was late.  The trial court then asked Washington why he was not present for the hearing on June 30, 2022, and added that "your client signed the order" continuing the case to that date.  Washington argued

---

[1] At that July 15, 2022 hearing, Washington also "continued the Cannady case to 8/16/22 for a plea."

- 2 -

that he was not present on June 30 because he had no knowledge that there was a hearing in the *Cannady* case scheduled for that day. The trial court found Washington guilty of the contempt of court charge and fined him $250. The trial court entered a final order that same day (July 15, 2022) reflecting those rulings.

The trial court's final order convicting Washington for "Failure to Appear as Attorney" did not specify any subdivision of Code § 18.2-456(A) under which Washington was convicted for contempt. Washington filed a motion to reconsider arguing that his absence on June 30, 2022, was not intentional, and he stated, "Defendant takes full responsibility for this incident and apologizes for his absence." The trial court denied the motion.

## II. ANALYSIS

On appeal to this Court, Washington argues that the trial court erred by not providing notice of the specific subsection of Code § 18.2-456(A) that it charged Washington with violating. He also challenges the sufficiency of the evidence supporting his conviction.

### A. *Whether Washington's Notice Argument Was Preserved*

In his opening brief to this Court, Washington argues that Code § 18.2-456(B) required the trial court to provide him with advance notice of the specific subdivision of Code § 18.2-456(A) under which he was charged. Specifically, he argues, "Pursuant to Code § 18.2-456(B), Washington was entitled to notice from the trial court 'in writing, under which subdivision in subsection A' he was being 'charged and punished for contempt.'" (Quoting Code § 18.2-456(B)). However, the record now before us on appeal shows that Washington did not present this notice argument to the trial court.

As stated in the Rules of the Supreme Court of Virginia, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable [the Court of Appeals] to

- 3 -

attain the ends of justice." Rule 5A:18. "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." *Stacey v. Commonwealth*, 73 Va. App. 85, 92-93 (2021) (quoting *Brown v. Commonwealth*, 279 Va. 210, 217 (2010)). Although Washington did not raise his Code § 18.2-456(B) notice argument to the trial court below, Washington contends that we should now consider this argument on appeal by applying the ends of justice exception to Rule 5A:18.

"The ends of justice exception to Rule 5A:18 is narrow and is to be used sparingly." *Flanagan v. Commonwealth*, 58 Va. App. 681, 694 (2011) (quoting *Copeland v. Commonwealth*, 42 Va. App. 424, 442 (2004)). Indeed, the Supreme Court has noted the "narrow contours of the exception" and stated that it applies in "very limited circumstances." *Commonwealth v. Bass*, 292 Va. 19, 27, 31-32 (2016) (holding that "the Court of Appeals erred when it applied the ends of justice exception" to reverse the trial court in that case). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Id.* at 27 (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)).

"In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Cornell v. Commonwealth*, 76 Va. App. 17, 31 (2022) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (en banc) (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)).

Washington has not affirmatively demonstrated a lack of notice that actually caused a miscarriage of justice here. The June 30, 2022 show cause order clearly informed Washington

that his charge was for failure to appear as an attorney and that he could be held in contempt of court. The trial court questioned Washington about that charge at the show cause hearing, and Washington made arguments justifying his failure to appear. We have not found anything in the record before us indicating that Washington was unable to defend himself based on the trial court's alleged failure to comply with Code § 18.2-456(B). In fact, Washington waived arraignment and waived his right to an attorney and asked that the matter be heard that day, indicating that he was not confused about the charges and that he was prepared to move forward. Under these circumstances, Washington failed to carry his burden to establish that his conviction is one of those extraordinary cases where his failure to preserve his argument must be excused. *See Bass*, 292 Va. at 31-32; *Cornell*, 76 Va. App. at 31 ("[Appellant's] contentions do not constitute an extraordinary situation mandating the ends of justice exception."). Consequently, under Rule 5A:18, we cannot reach Washington's Code § 18.2-456(B) notice argument in this appeal.

## B. *Sufficiency of the Evidence*

The Supreme Court has stated, "[W]e review the exercise of a court's contempt power under an abuse of discretion standard." *Petrosinelli v. People for the Ethical Treatment of Animals, Inc.*, 273 Va. 700, 706 (2007). In addition, when determining whether the evidence was sufficient for contempt, we have stated, "Where the court's authority to punish for contempt is exercised by a judgment rendered, its finding is presumed correct and will not be reversed unless plainly wrong or without evidence to support it." *Abdo v. Commonwealth*, 64 Va. App. 468, 474-75 (2015) (quoting *Brown v. Commonwealth*, 26 Va. App. 758, 762 (1998)); *Nusbaum v. Berlin*, 273 Va. 385, 408 (2007). Furthermore, "[w]hen the sufficiency of the evidence is challenged on appeal, this Court is required to view the evidence in the light most favorable to

the prevailing party at trial and to accord to that party the benefit of all reasonable inferences fairly deducible from the evidence." *Nusbaum*, 273 Va. at 407.

Under Virginia law, contempt is "an act in disrespect of the court or its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute." *Abdo*, 64 Va. App. at 476 (quoting *Robinson v. Commonwealth*, 41 Va. App. 137, 142 (2003)). "The roots of the courts' contempt power run deep in the common law." *Id.* (citing *Carter's Case*, 96 Va. 791, 806 (1899)). In the words of Sir William Blackstone, contempt includes "anything, in short, that demonstrates a gross want of that regard and respect which, when once courts of justice are deprived of, their authority (so necessary for the good order of the kingdom) is entirely lost among the people." *Burdett v. Commonwealth*, 103 Va. 838, 843 (1904) (quoting 4 William Blackstone, *Commentaries on the Laws of England* *285-86 (1769)).

As the Supreme Court has long recognized, "The power to punish for contempts is inherent in the courts." *Carter's Case*, 96 Va. at 809. This inherent power "is a trust confided and a duty imposed upon us by the sovereign people which we cannot surrender or suffer to be impaired without being recreant to our duty." *Parham v. Commonwealth*, 60 Va. App. 450, 455 (2012) (quoting *Carter's Case*, 96 Va. at 809). The underlying rationale for the courts' contempt power "rests not only on the need to enforce judicial orders but also on the basic need to 'preserve the confidence and respect of the people without which the rights of the people cannot be maintained and enforced.'" *Id.* at 455-56 (quoting *Carter v. Commonwealth*, 2 Va. App. 392, 395 (1986)).

Code § 18.2-456(A) defines the circumstances in which a court may hold a person in summary contempt. Three of Code § 18.2-456(A)'s subdivisions are relevant here. Code § 18.2-456(A)(1) allows for summary contempt for "[m]isbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice." Code

§ 18.2-456(A)(4) allows for summary contempt for "[m]isbehavior of an officer of the court in his official character." Finally, Code § 18.2-456(A)(5) allows for summary contempt for "[d]isobedience or resistance of an officer of the court . . . to any lawful process, judgment, decree, or order of the court." Washington argues that the trial court could not have convicted him under Code § 18.2-456(A)(5) because he was unaware of any lawful process, judgment, decree, or order requiring him to appear on June 30. The Commonwealth does not address this argument, instead arguing that the evidence was sufficient to convict Washington under either Code § 18.2-456(A)(1) or (A)(4). In his reply brief to this Court, Washington also contended that "his conduct did not constitute contempt under either provision [Code § 18.2-456(A)(1) or (A)(4)]."

This Court has previously considered cases in which the defendant was convicted of contempt for being late to court. In *Abdo*, the trial court held a witness police officer in contempt after he was nine minutes late to court and, therefore, caused his traffic docket cases to be nolle prossed. 64 Va. App. at 471. The trial court considered that the officer had previously been tardy to court and that he had been repeatedly warned to appear on time. *Id.* at 478-79. This Court, in *Abdo*, affirmed the contempt conviction and held that "willfulness or recklessness satisfies the intent element necessary for a finding of criminal contempt." *Id.* at 477, 481.

In *Brown*, the Circuit Court of the City of Norfolk held an attorney in contempt when the attorney arrived 38 minutes late to court and then asked for a nonsuit in his client's case. 26 Va. App. at 760-61. The attorney informed the trial court that he did not write the date for this matter in his docket book and was unaware that he was scheduled to be in court in Norfolk that day until the clerk called him. *Id.* at 761. He further informed the trial court that he had scheduled other court hearings in Virginia Beach for that day. *Id.* This Court held that there was enough evidence to conclude that the attorney's actions constituted misbehavior sufficient to

support a contempt conviction. *Id.* at 762. In addition, this Court stated that, under the circumstances in that case, the attorney's assertions of good faith "[did] not negate the reasonable inference" that he acted "recklessly or willfully." *See id.*

Here, Washington was not present for his client's criminal matter on June 23, 2022, and therefore the court ordered a continuance to June 30. When Washington was again not present for his client's hearing on June 30, the court again had to continue the criminal case. Although Washington contends that he was unaware of the trial court's order continuing the *Cannady* case to June 30, Washington's lack of awareness only occurred because he was thirty minutes late to the June 23 hearing and then failed to learn what happened in his absence. At that point, Washington had already been representing Cannady in this criminal matter as he was originally scheduled to represent Cannady in a plea hearing on June 16, 2022. Cannady could not proceed in his case without his attorney present. Having missed the June 23 hearing after arriving late, Washington had a professional duty as Cannady's attorney to contact the court or otherwise find out about what had happened in his absence. If he had done so, he would have learned about the order that was entered that continued his client's case to June 30, 2022.

Attorneys must respect the authority of the courts "in a higher sense" even than laymen, given an attorney's relationship to the courts as an officer of the court. *Wells v. Commonwealth*, 62 Va. 500, 508 (1871). Here, Washington had a duty at least to make some effort to learn the result of the June 23 hearing. Although an attorney is generally not liable for contempt if he "act[ed] in good faith, for what he believed to be the interest of his client," *id.* at 509, Washington's failure to pay attention to this criminal matter did not show a commitment of good faith toward helping his client, *see Brown*, 26 Va. App. at 762. According to the record before this Court, Washington never learned the result of the June 23 hearing from his client, from the court, from the circuit court clerk's office, or from the assistant Commonwealth's attorney

handling the *Cannady* case (with whom the trial judge saw Washington talking that same day when he arrived in court after his client's matter had been continued to June 30, 2022, because of Washington's absence). The record further indicates that Washington apparently did not even contact the court after he was late to the June 23 hearing, and he then completely missed his client's hearing on June 30. At both hearings, Washington's absence caused the trial court to continue Cannady's criminal case.

In short, Washington's lack of attention to his client's case (and his total failure to follow up with the court after getting to court late the first time) showed the necessary recklessness that satisfied the intent element for a conviction of contempt of court. *See Brown*, 26 Va. App. at 760-62; *Robinson*, 41 Va. App. at 143-44 (evidence was sufficient to find the attorney in contempt where he was late and missed his client's hearing in court due to overscheduling himself in a way that he could not make the hearing). The evidence was sufficient to establish that Washington committed "[m]isbehavior of an officer of the court in his official character" in violation of Code § 18.2-456(A)(4). In addition, the evidence was sufficient to establish that Washington committed "[m]isbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice" under Code § 18.2-456(A)(1) because he was twice absent in a one-week period when his client's criminal case was called and because he did not follow up with the circuit court to determine what had happened with his client's case when he arrived too late for the June 23 hearing (which caused his client's case to be continued twice). The bottom line is that Washington delayed the trial court's actions because of the cavalier way in which he treated his absences from court. Based on the record before us, we cannot say that the trial court's judgment finding Washington guilty of contempt of court was plainly wrong or without evidence to support it. *Nusbaum*, 273 Va. at 408.

III. CONCLUSION

For all of these reasons, we do not find that the trial court erred, and we do not disturb the judgment of the Circuit Court of the City of Chesapeake.

*Affirmed.*